IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

STEPHEN COUCH, # B-12125, )
)
      Plaintiff, )
)
vs. ) Case No. 13-cv-1100-JPG
)
SALVADOR A. GODINEZ, )
RICHARD HARRINGTON, )
LOUIS SHICKER, DR. JOHN COE, )
and JULIE HAMOS, )
)
      Defendants. )

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

    Plaintiff, currently incarcerated at Menard Correctional Center ("Menard"), has brought this *pro se* action to seek redress for violations of his constitutional rights (*see* 42 U.S.C. § 1983) as well as his rights under state law. He is serving sentences of 26, 20, and five years on three drug convictions. This case was originally filed by Plaintiff in the Circuit Court of the Twentieth Judicial District of Illinois, Randolph County, Case No. 13-MR-81, on August 9, 2013 (Doc. 11-2, pp. 1, 20). Defendant Coe removed the case to this Court on October 25, 2013, after he was served with summons (Doc. 11).[1] Defendant Coe has paid the filing fee for this matter (Doc. 2).

    Because Plaintiff is a prisoner and is seeking relief from several state officials, the Court is required to conduct a preliminary review of his complaint pursuant to 28 U.S.C. § 1915A, which provides:

---

[1] The Randolph County Circuit Clerk issued summonses to Defendants Harrington, Godinez, Schicker, and Coe, but the record does not reflect that summons was issued to Defendant Hamos. In addition, summonses were issued to two individuals not identified as Defendants in Plaintiff's pleadings, namely, Kimberly Butler and Robert Shearing, M.D., both in care of Menard Correctional Center (Doc. 11-2, pp. 20, 23-24).

(a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
(b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
  (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
  (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

**The Complaint**

Plaintiff's complaint describes events and claims beginning with his incarceration in Lawrence Correctional Center ("Lawrence") in January 2013, and continuing through his subsequent transfers to Illinois River Correctional Center ("Illinois River"), back to Lawrence, and then to Menard. At some time prior to January 2013, Plaintiff suffered a knee injury and had

been given medical permits to be housed on a low gallery in a low bunk, as well as to have a knee brace and Ace wrap. However, when he was transferred to Lawrence on January 9, his medical permits were not re-issued and his medical devices were taken away (Doc. 11-2, p. 2). The complaint does not disclose the names of any medical staff members who were involved in Plaintiff's treatment, or lack thereof. He spoke to a mental health counselor (Sandy Buck Taylor), who documented his concerns but could not help him obtain his medical permits or supplies. Plaintiff went on a hunger strike to protest the lack of attention to his medical needs.

Plaintiff was transferred to Illinois River on January 23, 2013 (Doc. 11-2, p. 3). Again, he had no medical permits nor support devices for the injured right knee. He sought help from medical staff (again unnamed) without success. On January 28, 2013, his knee gave out and he fell, dislocating his right shoulder. Correctional Officer Dorthy (who is not a named Defendant) refused to summon emergency medical treatment for Plaintiff. *Id*. His other requests for help were denied.

On February 13, 2013, Plaintiff was transferred back to Lawrence (Doc. 11-2, p. 3). He begged for medical attention without success. On February 24, 2013, Lieutenant Thomas Stuck told Plaintiff he would be moved from segregation back into general population. Plaintiff refused to go based on his medical concerns, and was issued a disciplinary ticket. This kept him in segregation for 30 more days (Doc. 11-2, p. 4). Plaintiff then began another hunger strike in an attempt to obtain medical treatment for his injuries, which were causing him great pain. He refused food for 30 days, and wrote to "everyone" seeking help. Eventually, he was taken to an outside hospital for an ultrasound test,[2] and on May 10, 2013, he was prescribed pain medication (which was "useless") and physical therapy.

---

[2] Plaintiff states that his medical records are attached, but none were included with the documents filed in this Court.

Plaintiff wrote numerous grievances between January and June 2013 to complain about the lack of medical treatment at Lawrence (Doc. 11-2, p. 5). He claims that Lawrence employees wrote him many disciplinary tickets in retaliation for his grievance activity. Ultimately, he was transferred from Lawrence, a medium security facility, to Menard, which is a maximum security prison. He alleges that this June 2013 transfer violated his due process rights as well as Illinois statutory and administrative provisions.

At Menard, Plaintiff was housed for two months in a cell with inmate Derrick Alexander, who repeatedly battered him and threatened his life if Plaintiff were to complain to guards (Doc. 11-2, p. 5). Plaintiff made several complaints, including written request slips and grievances (but does not say to whom these were directed). However, he was not moved or given any protection. At Plaintiff's request, other inmates reported Plaintiff's safety concerns to Lieutenant Randy Hoffman and Sergeant Bohnert. Those individuals refused to help unless Plaintiff came to them himself, which he apparently did not do because of his fear they would tell his cellmate (Doc. 11-2, p. 6). Plaintiff asserts that unnamed "Illinois Department Administrative Staff" purposely placed him in the cell so that he would be assaulted, because he "report[ed] this type of tactic being used by Administrative Person[nel]." *Id*.

Plaintiff's transfer to Menard also interrupted the physical therapy treatment he had been receiving at Lawrence for his shoulder injury. That special treatment had been authorized by the Lawrence medical director. Plaintiff alleges that the transfer was a "delay tactic" to justify the discontinuation of that therapy (Doc. 11-2, p. 7). Defendant Dr. Louis Shicker is the "shot caller" for orthopedic health care for each prison, and has allowed his medical directors to deny Plaintiff's medical permits, which has caused him continuous injuries, pain, and suffering. *Id*. Defendant Shicker has allowed his staff to neglect their duties to provide contracted medical

care. Further, correctional employees have failed to follow health and safety measures, which have resulted in injuries to Plaintiff from falling down stairs and lifting/carrying items too heavy for him.

As relief, Plaintiff seeks a transfer to Danville Correctional Center, orthopedic medical treatment for his knee and shoulder injuries, pain medication, permanent low gallery/low bunk permits as well as alternative cuff and knee brace permits, and placement in a single man cell (Doc. 11-2, p. 8). He also requests monetary damages.

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. After fully considering the allegations in Plaintiff's complaint and accompanying documents, the Court concludes that the complaint, as pled, fails to state a cognizable constitutional claim against any of the named Defendants. Accordingly, the complaint shall be dismissed, and Plaintiff shall be given leave to file an amended complaint if he wishes to further pursue his civil rights claims. If the amended complaint still fails to state a claim, or if Plaintiff does not submit an amended complaint, Plaintiff's federal claims shall be subject to dismissal with prejudice, and the case may be remanded to the state circuit court for resolution of the state law claims. The amended complaint shall be subject to review pursuant to § 1915A. Plaintiff is strongly encouraged to use the Court's civil rights complaint form as he prepares his amended complaint.

The chief problem with the complaint is that, with the exception of Defendant Shicker, Plaintiff never mentions any of the named Defendants in the body of the document where he describes his claims. He thus fails to connect any of them with the alleged denial of medical treatment, failure to protect him from his cellmate's assaults, or any of the other violations of his

rights. The same is true for Plaintiff's claims under state law. In order to survive § 1915A review in federal court, it is not sufficient to merely list a Defendant in the caption of a complaint or, as Plaintiff has done, to file a separate "Petition of Mandamus" making general claims for relief (Doc. 11-2, pp. 9-10; 14-16). Plaintiffs are required to associate specific defendants with specific claims so these defendants are put on notice of the claims brought against them and so they can properly answer the complaint. "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Thus, where a plaintiff has not included a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him. Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption.").

Plaintiff's claims of neglect and delay in treating or accommodating his knee and shoulder injuries indicate that some prison official(s) may have been deliberately indifferent to his serious medical needs. Likewise, the allegation that Plaintiff was not given protection from his dangerous cellmate may present a viable Eighth Amendment claim. However, these claims cannot proceed unless Plaintiff identifies, as best he can, the individuals to whom he directed his requests for medical permits, emergency treatment, protection from the cellmate, and the like. He must also provide sufficient factual information (*e.g.*, who, what, when, where) for the Court to evaluate whether the defendants may have violated Plaintiff's constitutional rights, and for

those defendants to answer the amended complaint if it survives review under 28 U.S.C. § 1915A.

Plaintiff is advised that in a civil rights action under 28 U.S.C. § 1983, the doctrine of *respondeat superior* does not apply. *Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001) (citations omitted). A defendant may only be held liable if s/he was "personally responsible for the deprivation of a constitutional right." *Id.* A supervisor is responsible only for his/her own misconduct, and supervisory authority alone does not create liability for the improper actions of subordinate employees.

**Pending Motions**

On November 14, 2013, Defendant Coe filed a motion for a HIPAA Qualified Protective Order (Doc. 12). This motion shall be held in abeyance pending the receipt and review of Plaintiff's anticipated amended complaint.

Defendant Coe filed a motion to dismiss for failure to state a claim (Doc. 13) on November 25, 2013. In light of the fact that the instant order shall dismiss the complaint and allow Plaintiff to re-plead, this motion (Doc. 13) is **DENIED AS MOOT.**

Likewise, the motion by Defendants Godinez and Harrington for an extension of time to December 26, 2013, to file a response (Doc. 15) is **DENIED AS MOOT.** No response shall be required until after Plaintiff files his First Amended Complaint, which must undergo preliminary review by the Court pursuant to § 1915A.

**Disposition**

**IT IS HEREBY ORDERED** that the complaint (Doc. 11-2, pp. 1-16) is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that, should he wish to proceed with this case, Plaintiff

shall file his First Amended Complaint, stating the relevant facts in support of his claims, and naming the individual Defendants directly responsible for the alleged constitutional deprivations and violations of state law, within 35 days of the entry of this order (on or before January 10, 2014). An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original complaint. Thus, the First Amended Complaint must stand on its own, without reference to any other pleading. Should the First Amended Complaint not conform to these requirements, it shall be stricken. Plaintiff must also re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. Failure to file an amended complaint shall result in the dismissal of Plaintiff's federal civil rights claims with prejudice, and a remand of the matter to state court.

No service shall be ordered on any Defendant who has not already been served, until after the Court completes its § 1915A review of the First Amended Complaint.

In order to assist Plaintiff in preparing his amended complaint, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

Plaintiff shall serve upon Defendants (or upon defense counsel for those Defendants who are represented), a copy of his First Amended Complaint, as well as each pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk

of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: December 6, 2013**

*s/ J. Phil Gilbert*
United States District Judge
