IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STEPHEN COUCH, # B-12125, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 13-cv-1100-JPG |
| ) | |
| SALVADOR A. GODINEZ, ) | |
| RICHARD HARRINGTON, ) | |
| LOUIS SHICKER, DR. JOHN COE, ) | |
| JULIE HAMOS, PATRICK J. QUINN, ) | |
| MARC HODGE, DR. PHIL MARTIN, ) | |
| CARLA GREBY, and ) | |
| CORRECTIONAL OFFICER DORTHY, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is before the Court for review of Plaintiff's Second Amended Complaint (Docs. 27 and 27-1), filed pursuant to this Court's order of January 15, 2014 (Doc. 21). Plaintiff originally filed this case in the Circuit Court of the Twentieth Judicial District of Illinois, Randolph County, Case No. 13-MR-81, on August 9, 2013. Defendant Coe removed the case to this Court on October 25, 2013 (Doc. 11).

Plaintiff is currently incarcerated at Menard Correctional Center ("Menard"), where he is serving sentences of 26, 20, and five years for three drug offenses. The claims described in Plaintiff's complaint[1] arose in March 2013 and June 2013, while he was confined at Lawrence Correctional Center ("Lawrence"). Some months earlier, Plaintiff had sustained injuries to his

---

[1] Plaintiff's Second Amended Complaint (Doc. 27) was prepared using the Court's pre-printed civil rights complaint form. However, for his statement of claim, he directed attention to an "attached statement and complaint with exhibits." The Court construed Plaintiff's document entitled "Motion for Leave to File an Amended Complaint" (Doc. 27-1) as his statement of claim. This combined document shall be reviewed herein pursuant to 28 U.S.C. § 1915A.

right knee and right shoulder.[2] Plaintiff obtained some treatment for the shoulder injury while at Lawrence, including physical therapy. However, Defendant Coe and others failed to ensure the continuation of this prescribed treatment when Plaintiff was transferred to Menard. Plaintiff asserts that the transfer was engineered in order to prevent him from obtaining necessary medical care, as well as in retaliation for his complaints over his medical treatment at Lawrence. He continues to suffer severe pain in his knee and shoulder, and fears the shoulder is permanently damaged due to the lack of ongoing therapy.

Plaintiff's specific allegations are as follows. Defendant Coe (Lawrence physician and medical director) was in charge of Plaintiff's medical treatment between May 15 and June 14, 2013 (Doc. 27-1, p. 2). Under his care, Plaintiff received physical therapy for his "frozen shoulder syndrome" at Lawrence. Plaintiff was also receiving pain medication for his shoulder. On June 4 or 5, 2013, Defendant Coe ordered another four weeks of physical therapy, and gave Plaintiff a front-cuff medical permit to last until November 13, 2013 (Doc. 27-1, pp. 4-5). However, unnamed Lawrence medical staff working with Defendant Coe revoked Plaintiff's front-cuff permit on June 11, 2013 (Doc. 27-1, p. 5).

Also on June 4 or 5, Plaintiff consulted Defendant Coe about his injured knee. Defendant Coe explained that he could only give Plaintiff pain medication for the knee, which he was already getting for his shoulder (Doc. 27-1, p. 5). Defendant Coe did not give Plaintiff a referral for further treatment, and Plaintiff did not get an x-ray or ultrasound of the knee.

On or about June 14, 2013, Plaintiff was transferred to Menard, along with 40 other inmates, on orders of Defendants Godinez, Hodge (Lawrence Warden), Martin (Lawrence Health

---

[2] The complaint alleges that Plaintiff has "continued to suffer this abusive medical neglect" for over a year (Doc. 27-1, p. 7), but gives no specifics as to when his injuries first occurred. In the "History" section of Plaintiff's separate motion for preliminary injunction (Doc. 24), he indicates that his knee had been hurt prior to January 2013. He dislocated his right shoulder on January 28, 2013, at Illinois River Correctional Center when the injured knee gave out and he fell (Doc. 24, p. 8).

Care Administrator), and Coe (Doc. 27-1, pp. 1-3).  He alleges, based on documents relating to the transfer orders, that inmates with "outstanding medical holds" should not have been transferred.  Although Defendant Coe had just renewed his orders for Plaintiff's ongoing shoulder physical therapy and had ordered a repeat ultrasound (apparently for the shoulder), Defendant Coe failed to issue a "medical hold" for him (Doc. 27-1, pp. 4, 6).  Nor did Defendant Coe devise a treatment plan to ensure he would get ongoing care (Doc. 27-1, p. 7).  As a result of the transfer, Plaintiff never received the physical therapy Defendant Coe prescribed for him, which is not available at Menard.  Plaintiff gives little information about what, if any, treatment he has requested or received for his shoulder and knee problems since he arrived at Menard.  However, the complaint suggests that he never got the shoulder ultrasound ordered by Defendant Coe, and that his severe pain has not been addressed (Doc. 27-1, pp. 6-7).

Plaintiff claims that his transfer to Menard was part of a pattern of "patient dumping" within the IDOC to avoid the obligation to provide ongoing medical care for chronic conditions (Doc. 27-1, p. 4).  In addition, Plaintiff asserts that he was transferred because he had complained about his care at Lawrence.  *Id*.

Plaintiff further claims that LPN Stephanie Reed (who is not identified elsewhere as a Defendant) had the duty to perform a preliminary transfer screening and write a treatment plan for any inmate who needed ongoing care (Doc. 27-1, p. 8).  She neglected to carry out these obligations in Plaintiff's case, and her "contributory negligence" led to Plaintiff being denied the care which had been prescribed for him.

Finally, Plaintiff describes an unrelated incident on March 22, 2013, where he was forced to have blood drawn by Lawrence LPN Sherry Collins (also not listed elsewhere as a

Defendant)³ (Doc. 27-1, pp. 9-10). At the time, Plaintiff was on a hunger strike. He refused to consent to the blood draw, but was threatened and "assaulted" by Major Richard Hall, who also charged him with a disciplinary violation (Doc. 27-1, p. 10). Defendant Martin allowed these other individuals to draw Plaintiff's blood and failed to report the incident to the local sheriff or state police.

As relief, Plaintiff seeks emergency medical care, a transfer to a facility where physical therapy is available, damages, and other injunctive relief (Doc. 27, p. 8).

When Plaintiff submitted his amended pleadings, he also filed a separate "Motion for Preliminary Injunction" (Doc. 24). That motion shall be referred to a United States Magistrate Judge for further consideration, insofar as it relates to the claims which survive threshold review. However, the motion contains additional factual allegations (Doc. 24, pp. 7-14), which Plaintiff did not include in the Second Amended Complaint (Docs 27, 27-1). Much of this material describes events that occurred at Western Illinois Correctional Center and Illinois River Correctional Center, and appears to have been included as background information rather than to assert additional claims in this action. However, Plaintiff also mentions attacks he suffered at the hands of a fellow inmate since he arrived at Menard, and indicates ongoing concern for his safety due to his physical limitations (Doc. 24, p. 13).

Consistent with Federal Rule of Civil Procedure 8(a), this Court does not permit claims to be presented in a piecemeal fashion in multiple documents (also known as amendment by interlineation). Therefore, only the factual allegations contained in the Second Amended Complaint (Docs. 27 & 27-1) are evaluated herein. If Plaintiff intended any of the additional allegations contained in the motion for preliminary injunction (Doc. 24) to be considered as

---

³ The Clerk shall be directed to add Stephanie Reed, Sherry Collins, and Richard Hall to the Court's electronic docket as Defendants in this action.

further claims in this action, he must amend his complaint yet again, so that *all* claims against *all* defendants are set forth in a single document. Any new claims that may be asserted in a future amended complaint shall be subject to review under 28 U.S.C. § 1915A.

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant.

Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated the following colorable federal causes of action, which shall receive further review:

**Count 1:** Defendant Coe was deliberately indifferent to Plaintiff's serious medical needs by effectively discontinuing Plaintiff's prescribed physical therapy and testing for his shoulder condition, when he failed to issue a medical hold and treatment plan;

**Count 2:** Defendant Coe and/or unknown Lawrence medical providers[4] under his direction were deliberately indifferent to Plaintiff's serious medical needs when they revoked Plaintiff's front-cuff permit on June 11, 2013;

**Count 3:** Defendants Godinez, Martin, Hodge, and Coe were deliberately indifferent to Plaintiff's serious medical needs when they transferred him to Menard as part of a pattern of "patient dumping" to avoid providing necessary treatment;

**Count 4:** Defendants Godinez, Martin, Hodge, and Coe transferred Plaintiff to Menard in retaliation for Plaintiff's complaints about his medical care.

However, Plaintiff's remaining claims fail to state a claim upon which relief may be granted, and shall be dismissed. These include a potential claim against Menard medical staff for failing to provide medical treatment **(Count 5)**; and claims against Defendant Coe for denying Plaintiff a referral, X-ray or ultrasound for his knee **(Count 6)**; against Stephanie Reed for neglecting her duty to screen Plaintiff and make a treatment plan before his transfer **(Count**

---

[4] The complaint is not clear as to whether Defendant Coe personally participated in the revocation of this permit, or whether the permit was revoked by others without his knowledge (Doc. 27-1, p. 5). Further amendment of the complaint may be necessary, to identify the unknown defendants and/or to clarify this claim.

**7)**; and against Defendants Martin, Sherry Collins, and Richard Hall for forcing Plaintiff to have his blood drawn while he was on a hunger strike **(Count 8).** In addition, Defendants Shicker, Hamos, Quinn, Greby, and Dorthy shall be dismissed from the action.

### **Dismissal of Count 5 – Lack of Medical Treatment by Menard Providers**

The complaint suggests that unknown medical providers at Menard may have been deliberately indifferent to Plaintiff's serious medical needs for failing to treat his shoulder and knee conditions. He claims to be in "so much pain I have thought about dying" (Doc. 27-1, p. 6). However, Plaintiff fails to identify any Menard providers (other than former medical director Robert Shoaring, see Doc. 27-1, p. 6) or include them as Defendants. Nor does he include enough facts to indicate that the actions or inaction of Menard staff rose to the level of unconstitutional deliberate indifference, as opposed to merely denying Plaintiff his preferred choice of treatment. He states only that Menard doctors have "refused [him] any real medical care" and continue to "do the doctor shuffle." *Id*.

The Eighth Amendment does not give prisoners entitlement to "demand specific care" or "the best care possible," but only requires "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). In order to establish deliberate indifference to a serious medical need, a plaintiff must show that a prison official acted or failed to act despite his knowledge of a serious risk of harm. *Farmer v. Brennan*, 511 U.S. 825, 842 (1994). Medical negligence or even malpractice does not violate the Constitution. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Sanville v. McCaughtry*, 266 F.3d 724, 734 (7th Cir. 2001); *Snipes v. DeTella*, 95 F.3d 586, 591 (7th Cir. 1996).

Plaintiff's lack of factual detail as to his medical treatment or non-treatment at Menard, coupled with his failure to name any Menard medical staff as Defendants, is fatal to this claim.

Although Plaintiff did include Menard Warden Harrington as a Defendant, he does not claim that Defendant Harrington was in any way involved in his medical treatment (or lack thereof). He thus states no claim against Defendant Harrington. Should Plaintiff wish to pursue a constitutional claim against any Menard health providers for deliberate indifference to his medical needs, he must correct these deficiencies in an amended complaint. Count 5 shall be dismissed without prejudice.

**Dismissal of Count 6 – Knee Treatment/Defendant Coe**

When Plaintiff consulted Defendant Coe on June 4 or 5 regarding his ongoing knee pain, Defendant Coe explained that the pain medication Plaintiff was taking for his shoulder should help his knee as well (Doc. 27-1, p. 5). Plaintiff requested a referral, presumably to a specialist (Plaintiff gives no further information). Defendant Coe did not give Plaintiff a referral, nor did he order an X-ray or ultrasound for the knee (Doc. 27-1, pp. 5-6).

These facts do not suggest that Defendant Coe was deliberately indifferent to Plaintiff's knee condition. To the contrary, he continued Plaintiff on medication that he believed would help relieve Plaintiff's knee pain. As noted above, Plaintiff cannot dictate his medical treatment, and his disagreement with a physician's chosen course of medical treatment (including such matters as the need for discretionary medical tests) does not amount to deliberate indifference under the Eighth Amendment. *See Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003); *Garvin v. Armstrong*, 236 F.3d 896, 898 (7th Cir. 2001) (courts will not takes sides in disagreements about medical personnel's judgments or techniques). Further, a difference of opinion between medical professionals concerning an inmate's treatment will not support a claim for deliberate indifference. *Norfleet v. Webster*, 439 F.3d 392, 396 (7th Cir. 2006); *see also Garvin v. Armstrong*, 236 F.3d 896, 898 (7th Cir. 2001). Here, the difference of opinion is

between Defendant Coe, a physician, and Plaintiff, who gives no indication that he has any professional medical training.

For these reasons, Count 6 against Defendant Coe for deliberate indifference to Plaintiff's right knee condition shall be dismissed with prejudice.

**Dismissal of Count 7 – Neglect by Defendant Stephanie Reed**

Plaintiff alleges nothing more than negligence on the part of Defendant Reed (an LPN). He claims that she was the Lawrence employee who was responsible for conducting a "preliminary transfer screening" and writing a treatment plan, before he was moved to another prison (Doc. 27-1, p. 8). She neglected to carry out this obligation, "in violation of physician's orders." *Id*. This failure was "contributory negligence" that resulted in Plaintiff not receiving the treatment which Defendant Coe had ordered for him (presumably the physical therapy for his shoulder). *Id*. Plaintiff also claims that Defendant Reed was responsible to follow unspecified "state and federal laws" regarding his medical needs. *Id*.

Taking Plaintiff's allegations as true, Defendant Reed's conduct does not violate the Constitution. A defendant can never be held liable under § 1983 for negligence. *Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Zarnes v. Rhodes*, 64 F.3d 285, 290 (7th Cir. 1995). Accordingly, Plaintiff's constitutional claims against Defendant Reed in Count 7 shall be dismissed with prejudice. Further, Plaintiff has failed to articulate any state law claim against Defendant Reed. Any state law claim(s) Plaintiff may be attempting to assert against Defendant Reed shall be dismissed without prejudice.

**Dismissal of Count 8 – Forced Blood Draw**

Plaintiff states that he refused to consent to any medical treatment on March 22, 2013, but that Defendant Richard Hall forced him to let Defendant LPN Sherry Collins stick a needle

in his right arm to draw blood. Defendant Martin allowed this to happen and failed to report the incident to law enforcement authorities (Doc. 27-1, pp. 9-10). Plaintiff explains that the blood was for lab work because he had been on a hunger strike since January 27, 2013. He had been refusing food because medical director Vipin Shah had refused to treat his shoulder injuries (Doc. 27-1, p. 10).

It is well established that prison authorities have a right, and indeed a duty, to force-feed an inmate who persists in a hunger strike to the point where he risks serious injury or death by continuing to refuse nourishment. *Owens v. Hinsley*, 635 F.3d 950, 955 (7th Cir. 2011); *Freeman v. Berge*, 441 F.3d 543, 546-47 (7th Cir. 2006). Extracting a small blood sample from an inmate strikes the Court as being a much less invasive procedure than force-feeding, which is constitutionally permissible. The *Freeman* court noted that prison officials in that case had been monitoring the hunger-striking plaintiff to determine whether his health was being compromised by his refusal to eat. Considering the totality of Plaintiff's allegations here and the length of time he had continued the hunger strike, it appears that the blood sample was taken in just such an effort to find out whether forced nutrition was needed to prevent Plaintiff from seriously harming his health, in his quest to manipulate the conditions of his confinement. Plaintiff thus fails to state a constitutional claim upon which relief may be granted regarding the forced taking of a blood sample. Count 8 shall be dismissed with prejudice.

**Defendants Shicker, Hamos, Quinn, Greby, and Dorthy**

Plaintiff fails to state any claim against these five Defendants, and in fact fails to even mention four of them in his statement of claim. Plaintiffs are required to associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *See Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544, 555 (2007); FED. R. CIV. P. 8(a)(2).  Where a plaintiff has not included a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him.  Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual.  *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption.").  Accordingly, Defendants Hamos, Quinn, Greby, and Dorthy, who are not mentioned in Plaintiff's factual allegations, will be dismissed from this action without prejudice.

Defendant Shicker is the only one among this group whose name appears in the body of the Second Amended Complaint.  Plaintiff states that Defendant Shicker (IDOC Medical Director) is now "free from fixing the shoulder injury and knee injury" because medical staff at Menard have refused Plaintiff "any real medical care" for these problems (Doc. 27-1, p. 6).  However, Plaintiff fails to suggest that Defendant Shicker was in any way involved in the decision-making regarding what care Plaintiff would receive or in which prison he would be housed.

While Defendant Shicker may hold supervisory authority over other Defendants in his role as medical director, that fact is not sufficient to impose liability on him for the alleged unconstitutional actions of his subordinate employees.  The doctrine of *respondeat superior* is not applicable to § 1983 actions.  *Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001) (citations omitted).  Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation."  *Pepper v. Village of Oak Park,* 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted).  Plaintiff has not alleged that Defendant

Shicker was "personally responsible for the deprivation of a constitutional right." *Sanville*, 266 F.3d at 740. Accordingly, he shall also be dismissed from this action without prejudice.

**Defendant Harrington**

Defendant Harrington is the warden of Menard, where Plaintiff is now confined. As with the above group of Defendants, Plaintiff makes no factual allegations against Defendant Harrington in the body of his complaint, and includes him only in the caption of the "motion for leave to file amended complaint" (Doc. 27-1), which contains the statement of claim. Plaintiff therefore fails to state any cognizable claim against Defendant Harrington. However, because Plaintiff is seeking injunctive relief, Defendant Harrington shall remain as a party to the action at this time, both for the purpose of carrying out any injunctive relief to which Plaintiff may be entitled, and to respond to discovery requests if necessary. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) (proper defendant in a claim for injunctive relief is the government official responsible for ensuring any injunctive relief is carried out).

**Pending Motions**

Defendant Coe's motion for protective order (Doc. 12) shall be referred to the United States Magistrate Judge for further consideration. Plaintiff's motions for recruitment of counsel (Doc. 23) and for preliminary injunction (Doc. 24) shall also be referred to the Magistrate Judge. However, as noted above, the additional factual allegations contained in the motion for preliminary injunction that do not appear in Plaintiff's statement of claim shall not be considered as grounds for relief unless Plaintiff includes them in a future, comprehensive, amended complaint.

**Disposition**

The Clerk is **DIRECTED** to add the following parties to the docket sheet as Defendants:

**STEPHANIE REED, SHERRY COLLINS,** and **RICHARD HALL.**

**COUNT 5,** and the state law claim portion of **COUNT 7,** are **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted.  **COUNTS 6 and 8,** and the constitutional claim portion of **COUNT 7,** are **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted.

Defendants **REED, SHICKER, HAMOS, QUINN, GREBY,** and **DORTHY** are **DISMISSED** from this action without prejudice. Defendants **COLLINS** and **HALL** are **DISMISSED** from this action with prejudice.

Of those Defendants remaining in the action, service has already been accomplished on Godinez, Harrington, and Coe.  In order to notify the remaining parties, the Clerk of Court shall prepare for Defendants **HODGE** and **MARTIN**:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the Second Amended Complaint (Docs. 27 & 27-1), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file

or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings, which shall include a determination on the pending motions described above.

Further, this entire matter shall be **REFERRED** to the United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to proceed *in forma pauperis*, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: March 4, 2014**

*s/ J. Phil Gilbert*
United States District Judge
