IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STEPHEN COUCH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:13-cv-1100-JPG-PMF |
| ) | |
| SALVADOR A. GODINEZ, et al., ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is plaintiff Stephen Couch's motion for a preliminary injunction (Doc. No. 24). A response is on file from Defendant Coe (Doc. No. 44). An evidentiary hearing was held on June 16, 2014.

Stephen Couch is confined at Menard Correctional Center. He filed this action under 42 U.S.C. § 1983, alleging that the defendants have responded with deliberate indifference to his painful shoulder and knee ailments. Couch has been an inmate with the Illinois Department of Corrections since 2007. Recently, he has been housed in several different facilities, including Illinois River, Lawrence, and Menard. He suffered a right knee injury in 2009. He re-injured the knee in 2011. While climbing a bunk on January 28, 2013, he injured his knee again and also dislocated his right shoulder. The injuries were aggravated in June, 2013. Couch's knee gives out at times and he has limited movement in his knee. He experiences pain with activities such as standing and walking. He has limited movement in his right arm and suffers excruciating pain when he attempts to perform arm exercises, which do not seem to be effective. He feels that his medical condition would improve significantly with additional follow-up care, such as imaging/x-ray, ultrasound, surgery, physical therapy, and/or strength training.

In order to establish that he is entitled to a preliminary injunction, Couch must show that he has some likelihood of success on the merits of his claim, that he does not have an adequate remedy at law, and that he will suffer irreparable harm if the injunction is not granted. *Exell v. City of Chicago*, 651 F.3d 684, 694 (7th Cir. 2011). The Court must also consider the public interest, weighing factors in a sliding scale approach. *Christian Legal Society v. Walker*, 453 F.3d 853, 859 (7th Cir. 2006). Injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm, and be the least intrusive means necessary to correct the harm. 18 U.S.C. § 3626(a)(2).

Defendant Coe is the medical director at Lawrence Correctional Center. Defendant Philip Martin is a health care unit administrator at Lawrence Correctional Center. Defendant Marc Hodge is an acting director at Lawrence Correctional Center. Defendant Salvador Godinez is the director of the Illinois Department of Corrections. None of the defendants are personally involved in providing medical treatment to Couch at Menard Correctional Center. Couch has received attention from an assortment of physicians and other medical providers, including Dr. Baker, Dr. Wood, Dr. Trost, Dr. Fuentes, and Dr. Shearing. The doctors and nurses who have been involved in plaintiff's care appear to be qualified to assess and diagnose his ailments and devise plans targeting Couch's particular treatment needs. While the treatment provided for Couch's ailments has not been particularly effective or consistent, this does not appear to be a consequence of subjective deliberate indifference or intent to inflict harm. The current plan is to treat Couch's pain with medications that reasonably target his particular symptoms (pain relievers, muscle relaxer and anti-inflammatory medicines) along with exercises and a joint support brace/device. Couch has received instructions for therapeutic exercises, and

has at times been issued special permits authorizing a low bunk, low gallery housing assignment. He does not currently meet the criteria for that permit. Although Couch's medical records suggest that prescribed medications were delivered, there is some indication that Couch has not received one particular medicine (Mobic) in recent weeks.[1] The materials do not suggest that these defendants were personally involved with distribution of prescribed medication at Menard.

A defendant acts with deliberate indifference when he consciously disregards a known and substantial risk of harm from an objectively serious medical condition. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Couch has not demonstrated that he has a likelihood of success on the merits of his Eighth Amendment claim as to Godinez, Harrington, Coe, Hodge, or Martin. Inconsistency in the delivery of medical services at different health care facilities does not reasonably support an inference of subjective deliberate indifference.

Couch has not demonstrated that he will suffer irreparable harm if injunctive relief is not granted. In this context, irreparable means that money damages would not compensate Couch for the harm suffered. The evidence suggests that any harm linked to a delay in medical services or follow-up care could be adequately remedied by an award of damages. Moreover, Couch has an adequate remedy at law. If he is dissatisfied with the level of medical care provided at his current location, he may raise those concerns

---

[1] During the evidentiary hearing, the Court requested that the defendants submit affidavits from nurses regarding the delivery of Mobic to plaintiff. Affidavits have not been submitted as of this date.

with his current physicians (such as Dr. Fuentes or Dr. Wood) or seek additional care using the prison's administrative remedy procedure.

    IT IS RECOMMENDED that Couch's motion for a preliminary injunction (Doc. No. 24) be DENIED.

    SUBMITTED:  July 9, 2014.

                                            **s/Philip M. Frazier**
                                            **PHILIP M. FRAZIER**
                                            **UNITED STATES MAGISTRATE JUDGE**