IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

STEPHEN COUCH,

        Plaintiff,

vs.

SALVADOR A. GODINEZ, *et al.*,

        Defendants.

Case No. 13-cv-1100-SMY-PMF

**MEMORANDUM AND ORDER**

This matter comes before the Court on the Report and Recommendation ("R & R") (Doc. 62) of Magistrate Judge Philip M. Frazier recommending this Court deny Plaintiff Stephen Couch's Motion for Preliminary Injunction (Doc. 24). For the following reasons, the Court denies Plaintiff's Motion for Preliminary Injunction.

Plaintiff is in the custody of the Illinois Department of Corrections and currently incarcerated at Menard Correctional Center ("Menard"). He brings his complaint pursuant to 42 U.S.C. § 1983 alleging Defendants were deliberately indifferent to his right shoulder and right knee injuries. While incarcerated at Lawrence Correctional Center ("Lawrence"), he obtained physical therapy and other treatment for his shoulder and knee injuries. Plaintiff alleges that after his transfer to Menard, Defendant Coe and others failed to continue Plaintiff's treatment. He further alleges he was transferred in retaliation for his complaints about medical treatment he had received at Menard. Plaintiff still suffers from pain in his knee and shoulders. His knee gives out and he experiences stiffness in his knee. He also experiences pain when standing and walking. His shoulder injury has limited the movement of his right arm and he experiences pain

when performing arm exercise. He fears his shoulder is permanently damaged from the lack of therapy.

Plaintiff filed his Motion for Preliminary Injunction seeking an order from this Court compelling defendants Godinez, Coe, and Schicker to provide (1) physical therapy, (2) medical permits for lower bunk and lower gallery, (3) a medical transfer to a facility that will provide physical therapy and other treatment, and (4) ice, heat, medication, and weights for strength training. Plaintiff also seeks various explanations of past events from Defendants and an explanation as to why Defendants continue to violate various statutory provisions. Defendant Coe, as the site medical director at Lawrence, responded arguing that the motion should be dismissed because he has no authority or control over Plaintiff's medical treatment at Menard.

Magistrate Judge Frazier held an evidentiary hearing on the motion on June 16, 2014. At the hearing, the record showed that Plaintiff saw an orthopedic specialist for his shoulder in April 2014. That doctor prescribed physical therapy and gave Plaintiff a list of daily exercises. At the time of the hearing Plaintiff was receiving Ibuprofen 600 mg, three times a day (Doc. 73-1). Dr. Trost saw Plaintiff on July 18, 2014, at which time he discontinued the Ibuprofen and prescribed Mobic 7.5 mg two times per day for six months (Docs. 73-1 & 73-2). Further, Plaintiff's case was referred to collegial for an MRI of his right knee (Doc. 73-2), and the medical unit issued Plaintiff a low bunk and low gallery permit (Doc. 73-1). Plaintiff further received a properly fitting knee sleeve on June 27, 2014 (Doc. 73-1). Overall, Plaintiff's medical record indicates he has been seen by a physician on numerous occasions.

In his R & R, Magistrate Judge Frazier recommends this Court deny Plaintiff's motion stating that "[w]hile the treatment provided of Couch's ailments has not been particularly

effective or consistent, this does not appear to be a consequence of subjective deliberate indifference or intent to inflict harm." Plaintiff filed an objection to the R & R.

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. The Court has discretion to conduct a new hearing and may consider the record before the magistrate judge anew or receive any further evidence deemed necessary. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). Because Plaintiff filed an objection to the R & R, the Court will undertake a *de novo* review of the motion.

A court may order injunctive relief in a civil action regarding prison conditions. 18 U.S.C. § 3626(a)(2).

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity . . . in tailoring any preliminary relief.

*Id*. Preliminary injunctive relief is designed "to minimize the hardship to the parties pending the ultimate resolution of the lawsuit." *Platinum Home Mortgage Corp. v. Platinum Fin. Group Inc*., 149 F.3d 722, 726 (7th Cir. 1998). A party seeking a preliminary injunction must make a threshold showing that (1) it has some likelihood of success on the merits, (2) no adequate remedy at law exists, and (3) it will suffer irreparable harm if the injunction is not granted. *Ferrell v. United States Dep't of Housing and Urban Dev.*, 186 F.3d 805, 811 (7th Cir. 1999). If the moving party is able to establish these three factors, the Court must then balance the harms to both parties using a "sliding scale" analysis, also taking into consideration the effect that

3

granting or denying the injunction will have on the public. *Id*. "[T]he greater the moving party's likelihood of prevailing on the merits, the less strongly it must show that the balance of harms weighs in its favor." *Id*. "A preliminary injunction is an extraordinary remedy that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Chicago Dist. Council of Carpenters Pension Fund v. K & I Constr., Inc.*, 270 F.3d 1060, 1064 (7th Cir. 2001) (citing *Mazurek v. Armstrong,* 520 U.S. 968, 972 (1997) (per curiam)); *accord Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008).

To succeed on a claim of deliberate indifference to a serious medical need, a plaintiff must demonstrate both subjective and objective components. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). The objective component requires the plaintiff show the "medical condition is 'objectively, sufficiently serious.'" *Id*. (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). The subjective component requires the plaintiff show "that prison officials acted with a 'sufficiently culpable state of mind.'" *Greeno*, 414 F.3d at 653 (quoting *Farmer*, 511 U.S. at 834). Prison officials "must 'both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists' and 'must also draw the inference.'" *Greeno*, 414 F.3d at 653 (quoting *Farmer*, 511 U.S. at 837).

Based on the evidence before the Court, Couch has failed to show he is likely to succeed on his Eight Amendment deliberate indifference claim. While he has shown inconsistency between institutions in the delivery of his medical services, he has failed to show that the named defendants acted with a sufficiently culpable state of mind necessary to establish deliberate indifference. Rather, the evidence indicates Plaintiff has received treatment including medications to alleviate his symptoms. He was also referred to an orthopedic surgeon who

instructed Plaintiff to perform certain daily exercises to alleviate his symptoms.   Finally, Couch has failed to provide evidence that he will suffer irreparable harm absent injunctive relief.

Accordingly, for the foregoing reasons and the reasons asserted in Magistrate Judge Frazier's R & R the Court **ADOPTS** the R & R (Doc. 62) and **DENIES** Couch's Motion for a Preliminary Injunction (Doc. 24).

**IT IS SO ORDERED.**

**DATED:** December 18, 2014

                                                    s/ Staci M. Yandle
                                                    **STACI M. YANDLE**
                                                    **DISTRICT JUDGE**