IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **STEPHEN COUCH**, | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | )   Case No. 3:13-cv-01100-SMY-PMF |
| | ) |
| **SALVADOR A. GODINEZ, et al.,** | ) |
| | ) |
|     **Defendants.** | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Before the Court is plaintiff Stephen Couch's motion for summary judgment (Doc. No. 58). Couch filed this civil right action pursuant to 42 U.S.C. § 1983, challenging the conditions of his confinement at Lawrence Correctional Center and his transfer to Menard Correctional Center. His claims arise under the First and Eighth Amendments and target deprivations of medical attention for a painful shoulder injury and acts taken in retaliation for his efforts to receive better medical care. Couch suggests that judgment in his favor is proper due to procedural missteps and late pleadings. He seeks damages and other relief from each defendant. The motion is opposed (Doc. No. 63).

Summary judgment will be entered if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The facts and all reasonable inferences are drawn in favor of the nonmoving party. *Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011).

In order to succeed on his claims, plaintiff must establish the following elements: first, the conduct at issue must have been taken under color of state law; and second, the conduct must have deprived the plaintiff of rights, privileges, or immunities guaranteed by the Constitution or

laws of the United States. *Larsen v. Beloit*, 130 F.3d 1278, 1282 (7th Cir. 1997). He can show a violation of the Eighth Amendment with proof that he had a serious medical need and that a defendant responded with deliberate indifference to a known risk of serious harm. *Estelle v. Gamble*, 429 U.S. 97 (1976).

The motion is not supported by information that could be admitted at trial or by references to such evidence in the record. Fed. R. Civ. P. 56(c)(1). Because summary judgment is not appropriate in these circumstances, the motion (Doc. No. 58) is DENIED. To the extent that plaintiff is actually seeking judgment by default, that request lacks merit. The defendants are not in default. Fed. R. Civ. P. 55(a).

**IT IS SO ORDERED.**

**DATED:** March 6, 2015

s/ Staci M. Yandle
**STACI M. YANDLE**
**DISTRICT JUDGE**
