**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| STEPHEN COUCH, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:13-cv-01100-SMY-PMF |
| ) | |
| SALVADOR A. GODINEZ, et al., ) | |
| ) | |
|     Defendants. ) | |

## MEMORANDUM AND ORDER

Before the Court is defendant Coe's motion to dismiss for failure to prosecute (Doc. 99). Coe suggests that dismissal is proper as a discovery sanction under Rule 37(b) or for Couch's failure to comply with his numerous requests to provide written discovery responses.

Dismissal for want of prosecution is an extraordinarily harsh sanction that should be used only when there is a clear record of delay or contumacious conduct or less drastic sanctions have been unavailing. *Gabriel v. Hamlin*, 514 F.3d 734, 736 (7th Cir. 2008). The Court has evaluated all circumstances, including the frequency of any failure to comply with deadlines, responsibility for mistakes, impact on the judicial calendar, prejudice caused to the defense, merit of the underlying claim, and any social objectives represented by the suit. *Aura Lamp & Lighting Inc. v. Int'l Trading Corp.*, 325 F.3d 903, 908 (7th Cir. 2003). There is no clear record of delay or contumacious conduct. Coe's motion to compel discovery was granted, yet the milder sanctions authorized by Rule 37(b) have never been requested or entered. The circumstances do not support dismissal at this time.

Defendant Coe's motion to dismiss (Doc. 99) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:** July 9, 2015

                                                                      s/ Staci M. Yandle
                                                                      **STACI M. YANDLE**
                                                                      **DISTRICT JUDGE**