IN THE UNITED STATES DISTRICT COURT OF THE
SOUTHERN DISTRICT OF EAST SAINT LOUIS DIVISION

STEPHEN COUCH B12125
PLAINTIFF/RESPONDANT
  -VS-
SALVADOR A. GODINEZ et al.,
DEFENDANTS/MOVANTS

CAUSE NO# 13-1100
NJR-PMF

SCANNED AT MENARD and E-mailed
9-16-15  by  JC   269 pages
date       initials    No.

PLAINTIFFS RESPONSES TO DEFENDANTS MOTIONS
FOR SUMMARY JUDGMENT PURSUANT TO THE
FEDERAL RULES OF CIVIL PROCEDURE RULE 34 et seq.
AND RULE 56 (B)(1).

NOW COME the Plaintiff Stephen Couch Pro se, to
SHOW CAUSE why SUMMARY JUDGMENT SHOULD NOT
BE GRANTED FOR THE DEFENDANTS:

Plaintiff states facts concerning the overcrowding
of the Illinois Department of corrections and the
Director SALVADOR A. GODINEZ lack of management
to accommadate medical bed space in the Lawrence
correctional centers medical facilities ran by his
Programs WARDEN Mrs. BETH A. TREDWAY who was
the appointed facilities management Director
between 01-28-2013, Through to 06-14-2013, which
violated WEXFORD CONTRACTED MEDICAL SERVICES SIGNED
BY THE DIRECTOR SALVADOR A GODINEZ ON 05-09-2011.
SEE Plaintiffs Exhibits FO 2,1; AND FO 2,2; AND
FO 2,3.

       HISTORY OF MEDICAL
    DELIBIRATE INDIFFERENCE:
Plaintiff was INJURED ON 01-28-2013 while on a
COURT WRIT to Brown county Illinois.
PLAINTIFFS Exhibit (FO 2.4 Pages #1 Through #8.)

/

Plaintiff submitted Inmate LAPAIRS HENTON B-72324 sworn Affidavit to what accored on 01-28-2013 for this courts review. Plaintiffs Exhibit G.

Plaintiff fail and shoved his right arm out of socket and begged for medical attention for months, Pain was so bad I wanted to die, I stopped eating requesting medical help for months and was repeatedly told to Put in for sick call while in segregational confinement at Illinois River Correctional Center from 01-28-2013 Through 02-13-2013, and was Transfer back to Lawrence Correctional Center on 02-13-2013, only to be refused medical Emergency care by medical STACI ARBUCKLE BN, and Kim Woods RN, upon my arivel at Lawrence Correctional Center on 02-13-2013 at approximately 4:30 Pm. PLAINTIFFS EXHIBITS Z-9; Z-10; Z-11. PLAINTIFF ALSO POINTS OUT DEFENDANTS EXHIBITS, WITH HELD INFORMATION.

PLAINTIFF states under relavent law 730 ILCS Section 5/3-8-2. social Evaluation Paragraph (a) A social evaluation shall be made of a committed Person's medical conditions and recommendations shall be made for medical. Plaintiff was denied this Due Process by Kim wood RN on 02-13-2013 upon being admitted into Lawrence correctional center on the above date and was Placed in a segregation cell to contenue to suffer the medical conditions found on the date of 04-10-2013. (Plaintiffs EXHIBIT OU-#22). MEDICAL DOCTOR MARK ZUBRES Findings and Recommendations FOR MRI. 04-10-2013 and FOLLOW UP TOOK ONE MONTH AT LAWRENCE CORRECTIONS CENTER. "4 months After InJuried".

2

Plaintiff was gave Pain medications that had no affect on the Pain at all, and on 04-03-2013 the medical Doctor WILLIAMS issued a shot of Pain medication that duled the Pain for #7 days an the Pain came back worse than ever on 04-10-2013 when medical staff at the Hospital pulled up on the Right arm to x-RAY/ULTRA SOUND. Plaintiffs EXHIBIT OU.2,1

Plaintiff states on 05-07-2013 Wexford Health Sources Inc MEDICAL Doctor GARCIA FINALY made his evaluation which denied an MRI that would have showed how bad the damaged Right Shoulder was, and ordered Physical Therapy evaluation to be done for May 10th 2013. Plaintiffs EXHIBITS OU.2,3 and OU 2,4. MEDICAL Records Dated 05-7-13, 05-8-13, and 05-10-13.

Plaintiff Spoke to the medical Director John coe on 05-15-2013, and was told what the results was on the ultrasound and the need for Physical Therapy to strenthen the damaged muscles and was ordered to take the Pain medications NAPROXIN for 2 months and 5 weeks of Physical therapy and then re-evaluate the Progress., Plaintiffs Exhibit OU 2,5.

Plaintiff was attending Physical Therapy and was doing what was ordered through medical Director John B. coe and the Regional Medical Director of WEXFORD HEALTH SOURCES Inc, Doctor RodRick MATTICKS on 05-10-2013, Plaintiffs Exhibit OU.2,6.

Plaintiffs Right Shoulder become so stiff that I could'nt move it without extreme Pain.

3

Plaintiff had wrote multiple offender Grievances on his medical care after being transfered from Western Illinois Correctional Center on 01-09-13 concerning the same medical denials of my Right knee injuries and medical Permitted Knee Brace and Ace Rap being confiscated as contrabond, and not being re-issued medical Permits for lower gallery, lower bunk, and Knee Brace. While in the care of Lawrence Corr, Centers Health Care Unit Staff,

Plaintiff was confronted by clinical Services Counselor ERNEST D. SHELTON on 06-03-2013 in the R#4 Housing Unit foyer and told to step into the counselors office Area, I told this counselor I didn't feel comfortable talking to him because I felt he was not trying to help me and was obstructing my legal access to the Courts on 04-30-2013 by not allowing my court call to go through in a timely manner, and he became offensive and told me I needed to watch what I Say to him that I was making trouble for myself.
    SEE EXHIBIT OU.2, 7
Plaintiff was told by this counselor that the medical staff was getting tired of my complaining about my medical care on 06-03-2013, That he had spoke to clinical Services counselor Jeffrey STRUBHART, who informed him of multiple offender Grievances that had been submitted to the Health care Unit Administrator Phil Martin on 06-03-2013. Plaintiffs Exhibits OU 2, 7; and OU.2, 8. MEDICAL RECORDS DATED 06-03-13, and CUMMULATIVE COUNSELING SUMMARY
    STAFF COMPLAINT ABOUT MY GRIEVANCES ON MEDICAL.

4

PLAINTIFF STATES ON 06-04-2013, he was called to the Lawrence correctional centers Health care unit and was seen by the MEDICAL DIRECTOR JOHN B. COE, who told me that he was re-ordering the ultra sound because I was not making no progress in the physical therapy and I needed further evaluation and ordered a front cuff permit. Plaintiffs Exhibits OU.2, 9; and OU.2, 10.

Plaintiff brings to this courts Attention the medical records Beginning from 06-04-2013 Through 06-11-2013, MEDICAL DIRECTOR JOHN B. COE claims he has no knowledge of this Plaintiffs Transfer being submitted between 06-04-2013 Through 06-14-2013, BUT Plaintiff States this was not true, because JOHN B. COE Fails to Place a medical hold on Plaintiff After he orders an ultra sound, He then started canceling Medical Permits on 06-11-2013 see Plaintiffs Exhibit OU.2, 11. AND OU.2, 11½

Plaintiff states that on MAY 31, 2013. The ILLINOIS DEPARTMENT OF CORRECTIONS TRANSFER COORDINATOR SUPERVISOR: SANDRA FUNK SENT A ELECTRONIC MAILING TO DONALD D. GAETZ; OF PINCKNEYVILLE CORRECTIONS CENTER, "THE WARDEN". AND SENT THE SAME E-MAIL TO, WARDENS MARC G HODGE; MARK A. STORM; AND BETH A. TREDWAY: ALL WARDENS OF LAWRENCE CORRECTIONAL CENTER. WARDEN BETH A. TREDWAY WAS THE PROGRAMS WARDEN OF THE LAWRENCE MEDICAL UNIT, SHE REFUSED TO HELP ME GET THE MRI OF MY SHOLDER ON 03-18-2013, AND CAME TO THE INFIRMARY SEVERAL TIMES TO SPEAK TO THE HEALTH CARE UNIT ADMINISTRATOR PHIL MARTIN ABOUT ME.

BETH A. TREDWAY WAS IN CHARGE OF THE MEDICAL UNIT WHILE I WAS ON A HUNGER STRIKE BEGGING FOR HELP to get my shoulder fixed, and warden MARK A. STORM WAS THE WARDEN OF SECURITY who came to my room in the Hospital Infirmary and told me I was going back to segregation to Pack my Property, I ask him if I could speak to warden MARC G. HODGE and I was told he didn't want to talk to me. SEE EXHIBIT OU.2, 14½

Plaintiff states that he wrote a Grievance on SANDRA FUNK and this transfer coordenator had contacted the wardens above and the assignment coordinator MARK A. LAHR at Lawrence Corroctions Center on 05-29-2013, TWO DAYS BEFORE "SHE" SANDRA FUNK SENT THE MEHORNDUM FOR BEDS BEING AVAILABLE AT MENARD CORRECTIONAL CENTER ON 05-29-2015 SEE PLAINTIFFS EXHIBIT OU.2, 8 SANDRA FUNK SENT THE REQUEST FOR #40 GENERAL POPULATION OFFENDERS TO BE SUBMITTED FOR A TRANSFER FROM LAWRENCE CORRECTIONAL CENTER TO "MENARD" SEE PLAINTIFFS EXHIBIT OU.2, 12 AND, OU.2, 13. THAT ON MAY 31, 2013, SANDRA FUNK STATES IN THIS E-MAIL TO THE WARDENS RECLASSIFICATIONS TO A MAXIMUM SECURITY SHOULD ONLY BE UP GRADED TO A MAXIMUM SECURITY IF THIER OVERALL NEGATIVE AJUSTMENT WOULD MAKE THEM ELIGABLE. AND SHOULD NOT HAVE ONGOING MEDICAL ISSUES (HOLDS). SEE EXHIBIT OU.2, 15 Plaintiff was Targeted for FILING GRIEVANCES AND LAW SUITS, AND SANDRA FUNK DID AN "OVER RIDE" OF THE ASSESSED SECURITY DESIGNATION. SEE PLAINTIFFS EXHIBIT OU.2, 14½ OFFENDERS RECLASSIFICATION SECURITY ESCAPE RISK. AND MEDICAL ISSUES WAS NEVER REPORTED BY THEM.

6

Plaintiff states that the clinical services counselor Mr Jeffrey Strubhart submitted this Plaintiff for transfer on 06-04-2013, one day after this plaintiff was confronted by his buddy Ernest D. Shelton, made me aware that I was making trouble for myself and one day after Mr. Jeffrey Strubhart had his talk with the Health Care Unit Administator Phil Martin and the Department of Nursing at Lawrence Corrections Center. See Plaintiffs Exhibits OU.2, 7; and OU.2, 14

Plaintiff was designated as a medium securty inmate, and voted to be transfered to a maximum security prison, while under a doctors care for physical therapy, by the Warden of Operations Marc G. Hodge, Warden of Programs, Beth A. Tredway, and Chief Lieutenant of Security Chad Jennings, and clinical services counselor Jeffrey Strubhart, for filing grievances and law suits on medical staff abuse, and my case worker states negative ajustment and claims I am a security escape risk with no supporting factual authority, thay raised my security scoring element to give me enough points to maximum, thay used faulse reclassifications statements to punish this plaintiff. See Exhibit OU.2, 16 Paragraph H, of the reclassifications form.

Plaintiff has no outstanding DUI in Brown County Illinois. See Plaintiffs Exhibit FO.2, 4 Case No 12-MR-35, Dismissed on 01-28-2013 for Mandamus Releaf on Medical Abuse.

7

SEE PLAINTIFFS EXHIBIT OU.2, 17 PLAINTIFF HAD NO WARRANTS IN DEWITT COUNTY ILLINOIS, AND THAY USED A FABRICATED DISCIPLINARY REPORT FROM 05-13-2008, OF A HOMEMADE CUFF KEY OVER FIVE YEARS PRIOR TO THIS RECLASS-IFACATIONS REQUEST MADE BY CLINICAL SERVICES COUNSELOR JEFFERY STRUBHART TO GET ME TRANSFERED TO A MAXIMUM SECURITY PRISON.

SEE EXHIBIT OU.2, 16 II (H) PLAINTIFF STATES THE SCORING ELEMENT WAS A CLEAR VIOLATION OF MY RIGHTS UNDER THE DISCIPLINARY PROCEDURES BECAUSE I HAD BEEN IN GENERAL POPULATION OVER 2 MONTHS AND WAS NOT CAUSING ANY TROUBLE OR GETTING ANY DISCIPLINARY REPORTS, AND THEIR WAS OFFENDERS IN SEGREGATION THAT HAD ASSUALTED STAFF WITH LIFE SENTENCES THAT COULD HAVE BEEN SENT TO MENARDS MAXIMUM SECURITY PRISON.

PLAINTIFF WAS SENT TO MENARD CORRECTIONS CENTER WHERE THE WARDEN RICHARD HARRINGTON AND SOUTHERN REGIONAL DIRECTOR MIKE ATCHISON WAS BRAKING THE LAWS OF THIS STATE BY ADDING BEDS TO A CELL/CELLS OF MORE THAN 100 HUNDRED INMATES WOULD BE ILLEGALLY HOUSED, UNDER STATE STATUTE 730 ILCS SECTION 5/3-7-3 (b), THESS TWO CRIMINALS WAS WORKING TO REMODEL THE MENARD NORTH #2 CELL HOUSE TO HANDLE THE OVERCROWDED PRISON SYSTEM THAT HAS CAUSE DEATH, OF INMATES, ASSUALT TO ME, NO MEDICAL PHYSICAL THERAPY THAT HAS CAUSED PERMINATE LOSE OF MOVEMENT and it is getting worse every day. SEE EXHIBIT OU.2, 18, (STATESVILLE SPEAKS).

8

Plaintiff STATES THAT DOCTOR CARLA GREBY OF THE ILLINOIS RIVER CORRECTIONAL CENTER REFUSED TO SEND ME FOR AN MRI ON 02-11-13 EXHIBIT C#1

Plaintiff Explained His Assigned celly had seen the accident on 01-28-2013., SEE EXHIBIT C#1½ AFFIDAVIT OF LAPAIRS HINTON B72324. And was told by Doctor CARLA GREBY THAT I WAS NOT GETING AN MRI, I WAS GETING X-RAYS ONLY. AND NO MEDICAL HOLD WAS ISSUED.

PLAINTIFF WAS SHIPPED BACK TO LAWRENCE WITHOUT NOTICE OF THE X-RAY FINDINGS ON 02-13-2013.

Plaintiff WENT OVER A MONTH WITHOUT A MEDICAL REFERRAL BY THE LAWRENCE CORRECTIONAL CENTER MEDICAL STAFF, AND ON 03-14-2013 WAS GAVE A MEDICAL REFERRAL FOR AN MRI BY ALBERTO BUTALIO MEDICAL DOCTOR, SEE EXHIBIT C#2

Plaintiff would not have got this medical REFERRAL IF I HAD NOT WENT ON A HUNGER STRIKE AND GOT THE ATTENTION OF THE WEXFORD HEALTH SOURCES INC, SOUTHERN DISTRICT REGIONAL MEDICAL DIRECTOR. SEE EXHIBITS D, D#1, D#2, D#3, D#4, D#5,. ALSO SEE EXHIBITS E#1 #6 Pages of ILLINOIS DEPARTMENT OF CORRECTIONS ADMINISTRATIVE DIRECTIVES, SEE EXHIBITS E#2 6 Pages of ADMINISTRATIVE DIRECTIVES CONCERNING OFFENDER HEALTH CARE SERVICES, SEE EXHIBIT E#3 #13 Pages of INSTATUTIONAL DIRECTIVES THAT WAS VIOLATED BY ALL THE DEFENDANTS IN THEIR OFFICIAL CAPACITY AND INDIUIDUAL CAPACITY.

9

Plaintiff STATES HE WROTE A FREEDOM OF INFORMATIONS REQUEST TO THE PUBLIC BODY OF THE ILLINOIS DEPARTMENT OF FINANCIAL AND PROFESSIONAL REGULATIONS TO FIND OUT IF ANY OF THESE MEDICAL DOCTORS HAD BEEN IN TROUBLE BEFORE AND THIS IS WHAT WAS SENT TO ME SEE EXHIBIT F#1 THROUGH F#5

Plaintiff STATES THAT THE DEFENDANT DOCTOR JOHN B. COE, HAS BEEN IN TROUBLE FOR HIS CONTROLLED SUBSTANCE LICENSE ABUSE, AND HIS UNTRUTHFULNESS IS TO BE NOTED IN PLAINTIFFS EXHIBIT G PARAGRAPH #16.

Plaintiff STATES, MD John B. Coe had complete control over Plaintiffs medical care and fails to Place a Medical Hold on this Plaintiff as required under Wexford Health Sources Inc Contract, SEE Plaintiffs EXHIBIT FO 2, #1 Page #1 THROUGH #7,

Page #7 is clearly stated in Paragraph 2.2.3.1.2 TRANSFERING OFFENDERS: SECTION (a) OF SUPPLIES AND SERVICES. Please READ THIS AND UNDERSTAND I HAD NO CONTROL OVER DOCTOR JOHN B. COES DELIBERT ACTIONS TO PLACE A MEDICAL HOLD, WHICH CLEARLY VIOLATED ILLINOIS STATE STATUTE 720ILCS 5/12-19 (d) et seq.

Plaintiff Further states that the Medical Permit SYSTEM IS POLICY ONLY AND LACK PROCEDURES TO PROTECT OFFENDERS FROM MEDICAL DELIBERATE ABUSE THAT HAS CAUSED SEVERE INJURIES, AND I CAN NOT FIX THIS WITHOUT AN ATTORNEY TO ASSIST ME, TO WHERE THIS CAN'T HAPPEN AGAIN. SEE EXHIBIT GO #1 THROUGH #35

PLAINTIFF STATES THAT PHIL MARTIN IS THE LAWRENCE CORRECTIONAL CENTER HEALTH CARE UNIT ADMINISTRATOR WHO IS INCHARGE OF DAILY OPERATIONS AND FUNCTIONING OF THE HEALTH CARE UNIT, WHICH PROVIDES HEALTH CARE SERVICES TO INMATES AT LAWRENCE CORRECTIONAL CENTER. SEE EXHIBIT J, PARAGRAPH #2

HIS JOB IS TO MAKE SURE THE PERSONS HE OVER SEE'S IN THEIR JOB DUTIES PROVIDE ALL THE REQUIRED MEDICAL CARE ORDERED BY THE DOCTOR AND TO INFORCE AND STRENGTHEN THE SERVICES PROVIDED THROUGH THE FUNCTIONS AND OPERATIONS, AND NOT PASS THE BUCK TO STAFF THAT ARE IN VIOLATION OF CONTRACT AND STATE LAW AND CONTENUED CONSTITUTIONAL VIOLATIONS OF THE STATE STATUTES 720 ILCS 5/12-19 et seq. SEE EXHIBITS H. PAGE #2 IS THE OFFENDER TRANSFER SUMMARY THAT WAS FILLED OUT BY LPN STEPHENY REED WHOM FAILS TO DO A MEDICAL CHART REVIEW, AND SUBMITTED FALSE ENTRY IN THE SPECIAL REFERRALS SECTION AND OVER LOOKS THE MEDICAL DIRECTORS JOHN B. COES MEDICAL ORDERS ON 06-04-2013. EXHIBIT H#3 AND H#4. SHE (S. REED) LPN THEN GOES ON TO MARK (URGENT MEDICAL INFO) ON PLAINTIFFS EXHIBIT H#4. AND FAILED TO NOTE ON OUTPATIENTS PROGRESS NOTES DATED 06-14-2013 THE SEVERE OVER SITE BUT PLACES A LAXITIVE AS MEDICAL URGENT INFO. AND THE MEDICAL DIRECTOR AT MENARD CORRECTIONS CENTER REFUSED TO FOLLOW ANY MEDICAL TREATMENT ORDER BY MD. JOHN B. COE. SEE EXHIBIT I. AND K. et al

11

Plaintiff states HIS CRY FOR HELP THROUGH THE ILLINOIS DEPARTMENT OF CORRECTIONS GRIEVANCE PROCEDURES WAS REPEATEDLY VIOLATED BY THE DIRECTORS GLADYSE C. TAYLOR WHOM REFUSED TO FOLLOW THE ADMINISTRATIVE PROCEDURES OF 20 Ill Adm code 504 PART 850 et seq, AND REFUSED TO READ OR RESPOND TO THIS OFFENDERS GRIEVANCES BY RUTEENLY ALLOWING THE Administrative REVIEW BOARD TO REPEATEDLY DENIED HELP THROUGH SUPERVISOR TERRI ANDERSON et al WHICH WAS IN DIRECT VIOLATION OF THE GRIEVANCE PROCEDURES.

PLAINTIFF WAS DENIED DUE PROCESS UNDER THE ILLINIOS Administative code by SALVADOR A. GODINEZ AND GLADYSE C. TAYLOR SEE EXHIBITS L. AND M. DECLARATIONS OF BOTH DIRECTORS OF THE ILLINOIS DEPARTMENT OF CORRECTIONS WHOM ADMITTED THAT THAY HAVE NEVER READ INMATE GRIEVANCES,

AND ALLOWED CRIMINAL MEDICAL ABUSE TO GO UNREPORTED TO THE ILLINOIS STATE POLICE AND OTHER STATE AGENCIES PURSUANT TO ILLINOIS STATUTE 720 ILCS 5/12-19 et seq ABUSE OF A LONG TERM CARE FACILITY RESIDENT IS CLEAR IN ITS AUTHORITY.

I AM OUT OF PAPER TO CONTENUE THIS RESPONSIVE PLEADING AND CAN ONLY PRAY THAT GOD WILL BLESS ME WITH THIS COURTS UNDERSTANDING, AND MY LACK OF TO PRESENT THIS BETTER.

12

## CERTIFICATE OF SERVICE

STEPHEN COUCH PRO SE HAS SENT THIS RESPONSE TO THE FOLLOWING UNITED STATES COURT OF THE SOUTHERN DISTRICT OF ILLINOIS EAST SAINT LOUIS DIVISIONS CIRCUIT CLERK THROUGH THE ELECTRONIC FILING PROGRAM AT THE MENARD CORRECTIONAL CENTERS LAW LIBRARY, BY SUPERVISOR JENNIFER L. CLENDENIN et al ON THE DATE OF SEPTEMBER ____ 2015, TO BE SERVED ON ALL PARTIES LISTED BELOW.

TO: MRS. ASHLEY BARRETT CARTER
ASSISTANT ATTORNEY GENERAL
E-MAIL acarter@atg.state.il.us
500 SOUTH SECOND STREET
SPRINGFIELD ILLINOIS 62706

TO: TIMOTHY P. DUGAN
BRITTANY L. NEWELL
600 WASHINGTON AVE - 15 FLOOR
SAINT LOUIS MO 63101-1313
E-MAIL bnewell@sandbergphoenix.com

BY: STEPHEN COUCH B12125
MENARD CORR. CNTR
P.O. BOX #1000
MENARD ILLINOIS 62259
(618) 826-5071

13