IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STEPHEN COUCH, #B12125 )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SALVADOR A. GODINEZ, RICHARD )<br>HARRINGTON, DR. LOUIS SHICKER, DR. )<br>JOHN COE, AND JULIE HAMOS, )<br>)<br>Defendants. )<br>)<br>) | Cause No. 13-cv-1100—SMY-PMF |

## DEFENDANT JOHN COE, M.D.'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT COE'S MOTION FOR SUMMARY JUDGMENT

COMES NOW Defendant, John Coe, M.D. ("Dr. Coe"), by and through his attorneys, Sandberg Phoenix & von Gontard P.C., and for his Reply to Plaintiff's Response to Defendants Motion for Summary Judgment [Doc. 117], states as follows:

### INTRODUCTION

1. Defendant Dr. Coe filed a Motion for Summary Judgment on the Merits on June 5, 2015. [Doc. 105].

2. This Motion addressed Count 1 of Plaintiff's Second Amended Complaint regarding Dr. Coe's deliberate indifference by effectively discontinuing Plaintiff's prescribed physical therapy and testing for his shoulder condition when he failed to issue a medical hold.

3. Plaintiff filed his Response thereto on September 16, 2015. [Doc. 117 – 117-5].

4. In that Response, Plaintiff identified the contract between Wexford Health Sources, Inc. ("Wexford") and Illinois Department of Corrections ("IDOC") as authority dictating that Dr. Coe should have placed a medical hold on Plaintiff. [Doc. 117, p. 10].

1

5. This contractual authority was first raised in Plaintiff's Response.

6. Therefore, this Reply is necessary to allow Dr. Coe an opportunity to respond to the alleged applicability of this newly referenced contract. Without such opportunity Dr. Coe would be prejudiced.

**ARGUMENT**

In his Response, Plaintiff contends the language of Section 2.2.3.1.2 of the contract between Wexford and IDOC required Dr. Coe to place a medical hold on Plaintiff. However, Plaintiff's application of the undisputed facts to the contract language is inaccurate.

The cited section of the contract reads "Offenders *undergoing treatment, care or procedures* including, but not limited to, surgery, prosthetics, and dental prosthetics and are scheduled to be transferred to another Center shall be placed on a "Medical Hold", *if the transfer will interfere with the treatment, care, and procedures of the offender...*" [Doc. 117-3, p. 1]. As discussed in Dr. Coe's Motion for Summary Judgment, there are two treatments for which Plaintiff claims a medical hold should have been placed: a shoulder ultrasound and shoulder physical therapy.

As for the ultrasound, when Dr. Coe saw Plaintiff on June 4, 2013, Plaintiff expressed he had no improvement from the physical therapy and Dr. Coe noted a request for an ultrasound would be made to collegial. [Doc. 105, SUMF #7]. However, per Plaintiff's medical record, collegial had not approved the ultrasound at the time Plaintiff was transferred from Lawrence Correctional Center to Menard Correctional Center on June 14, 2013. [Doc. 105, SUMF #10]. Therefore, the ultrasound was not treatment that Plaintiff was "undergoing" at the time of his transfer. Moreover, had the physicians at Menard found a shoulder ultrasound to be medically necessary they, too, could have ordered it such that transferring Plaintiff in and of itself did not

interfere with receipt of an ultrasound. As such, the contract did not mandate that Dr. Coe place a medical hold on Plaintiff due to the shoulder ultrasound.

With regard to the physical therapy, while it is true that physical therapy for Plaintiff's shoulder was ongoing at the time of his transfer to Menard, physical therapy was available at Menard if medically necessary. [Doc. 105, SUMF #19]. The availability of such treatment at Menard is clearly stated in correspondence Plaintiff received from Menard's Director of Nurses, which he attached to his Response. [Doc. 117-2, p. 11]. Since transferring Plaintiff would not have interfered with his ability to receive medically necessary physical therapy, the contract did not mandate that Dr. Coe place a medical hold on Plaintiff because of ongoing physical therapy.

Of final point, pursuant to Local Rule Plaintiff had 30 days from the date of service to file a Response to Dr. Coe's Motion for Summary Judgment. (SDIL LR-7.1(c)(1)). Plaintiff's Response was not filed until 103 days after Dr. Coe filed his Motion, more than 70 days beyond the deadline for filing said Response. Moreover, Plaintiff provided no justification for the excessive delay, nor did he first seek leave of Court to file an untimely Response. Therefore, Plaintiff's Response should not be taken into account by the Court.

WHEREFORE, for the foregoing reasons Defendant John Coe, M.D. respectfully requests this Court grant Summary Judgment in his favor and for any such other and further relief this Court deems proper and just.

SANDBERG PHOENIX & von GONTARD P.C.

By: *[signature: Brittany Newell]*
Timothy P. Dugan, #6271610
Brittany L. Newell, #6311264
600 Washington Avenue - 15th Floor
St. Louis, MO 63101-1313
314-231-3332
314-241-7604 (Fax)
E-mail: tdugan@sandbergphoenix.com
bnewell@sandbergphoenix.com

Attorneys for Defendant
John Coe, M.D.

**Certificate of Service**

I hereby certify that on this 30th day of September, 2015, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

Ashley B. Carter
Assistant Attorney General
500 South Second Street
Springfield, Illinois 62706
acarter@atg.state.il.us


I hereby certify that on this 30th day of September, 2015, the foregoing was mailed by United States Postal Service to the following non-participant in Electronic Case Filing:

Stephen Couch, #B12125
Menard Correctional Center
P.O. Box 1000
Menard, IL 62259

*[signature: Brittany Newell]*