IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STEPHEN COUCH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:13-cv-1100-SMY-PMF |
| ) | |
| SALVADOR A. GODINEZ, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Before the Court is a Motion for Summary Judgment filed by Defendants Salvador Godinez, Kim Butler, Marc Hodge and Phil Martin (Doc. No. 102). The motion is opposed in part (Doc. Nos. 117, 134).

Plaintiff Stephen Couch is confined at Hill Correctional Center. He is challenging the conditions of his former confinement at Lawrence Correctional Center and his transfer from Lawrence to Menard Correctional Center. As to these defendants, Couch is proceeding on an Eighth Amendment claim that the defendants responded to his serious medical needs with conduct amounting to deliberate indifference (Count 3) and a First Amendment claim that he experienced retaliation for his protected speech (Count 4). While Butler is not named as a party, she is the successor to Richard Harrington and joined the motion in her official capacity as warden at Menard Correctional Center. See Fed. R. Civ. P. 25(d).

Summary judgment will be entered if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(a). The facts and all reasonable inferences are drawn in favor of the nonmoving party. *Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011).

## I.     Count 3 – Deliberate Indifference to Serious Medical Needs

Godinez, Hodge and Martin assert that there is a lack of evidence to support a finding that Couch was suffering from an objectively serious medical need at Lawrence or that they responded to his medical needs in a manner that would constitute deliberate indifference. As to the objective element of Couch's Eighth Amendment claim, his medical condition was objectively serious if a physician diagnosed it as requiring treatment or the need for treatment would be obvious to a layperson. *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009).

The evidence indicates that Couch suffered a painful shoulder injury diagnosed as rotator cuff tear in 2013. He was under Dr. Coe's care, had received a special medical permit authorizing front cuffs, had been treated with physical therapy, had been prescribed medications for pain relief and was waiting for approval of additional recommended treatment, including ultrasound (Doc. No. 103, pp. 2, 9, 10; Doc. No. 103-1, pp. 3, 4, 5, 8, 12, 19; Doc. No. 117-1, p. 10; Doc. No. 134-4; Doc. No. 134-5, 134-9, p. 1-3). The Court finds these facts sufficient to satisfy the objective element of Couch's Eighth Amendment claim.

As to the subjective element, the defendants acted with deliberate indifference if they consciously disregarded a known and substantial risk of harm. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference is conduct that is intentional or reckless and not simply negligent. *Berry v. Peterman*, 604 F.3d 435, 440 (7th Cir. 2010).

Here, Defendant Godinez contends that there is a lack of facts showing that he was subjectively aware of Couch's serious medical condition or the need for treatment of

2

a painful shoulder ailment.  During his deposition, Couch testified that he sent his grievance appeals to Godinez.  While the decisions on those appeals were signed by Terri Anderson as designee for Godinez, Couch suspects that Godinez learned of his plight when he read some of the appeals himself before handing them off to Anderson for handling (Doc. No. 103-1, pp. 28-32).  Plaintiff's initial response to this motion includes a declaration executed by Godinez, in which he confirms that he delegated the task of reading inmate grievances to Anderson (Doc. No. 117-2, pp. 44-45).  Couch suspects that this statement is not true, as it contradicts with his understanding of the usual grievance procedure.

The Court is satisfied that the Illinois Administrative Code authorizes delegation of this particular responsibility, 20 Ill. Admin. Code 504.805(a), and that Godinez did, in fact, delegate the task of reading inmate grievances to Anderson.  As such, Couch has no support – beyond speculation – for the subjective element of his Eighth Amendment claim against Godinez.  Accordingly, Defendant Godinez is entitled to judgment in his favor on Count 3.

Defendants Hodge and Martin also assert they were not subjectively aware that Couch had a serious medical need.  Hodge was the warden at the Lawrence facility and made decisions regarding Couch's grievances.  Martin was the administrator of the health care unit. (Doc. No. 103-1, p. 31).  Evidence that Hodge reviewed grievances regarding Couch's medical care could support a finding that Hodge turned a blind eye to unconstitutional medical treatment.  *Perez v. Fenoglio*, 792 F.3d 768, 782 (7th Cir 2015); *Vance v. Peters*, 97 F.3d 987, 992-93 (7th Cir. 1996).  As such, a reasonable jury could

conclude that Hodge was of and consciously disregarded a known risk of harm to Couch due to the condition of his shoulder.

Similarly, Defendant Martin prepared responses to Couch's grievances regarding medical care and met with Couch to discuss his medical concerns, which Couch characterizes as begging for help (Doc. No. 103-1, pp. 31, 37). At one point, Martin intervened to nullify a medical permit issued to Couch by Dr. Coe (Doc. No. 134-8, p. 16). On these facts, neither Hodge nor Martin have demonstrated that they are entitled to judgment in their favor based on a lack of subjective awareness of a serious medical need. Therefore, Defendants' motion is denied as to Count 3 against Hodge and Martin.

Defendant Butler also seeks judgment in her favor on the basis that Couch cannot meet his burden for the remedy of prospective injunctive relief. Couch responds that the claim against Butler is moot, as he is no longer housed at the Menard facility (Doc. No. 134, p. 9). The undersigned agrees with Couch: Butler is not in a position to provide injunctive relief. *See Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996). The official capacity claim against Butler (as successor to Richard Harrington) is moot.

## II.     Count 4 – Retaliation for First Amendment Speech

Next, Godinez, Martin and Hodge seek judgment in their favor on Couch's First Amendment retaliation claim, arguing that Couch cannot show that they were motivated to act by his protected conduct. One of the elements Couch must prove is that his protected speech was a factor motivating the defendants' actions. *Kidwell v. Wisenhauer*, 679 F.3d 957, 964 (7th Cir. 2012). In this regard, Couch takes the position that someone arranged for him to be transferred from Lawrence to Menard despite ongoing medical care because he had been labeled a "complainer" (Doc. No. 134-1, p. 6).

4

As support for their position, Defendants rely on a declaration signed by Sandra Funk. As transfer coordinator, Funk sent email to Defendant Hodge (and others) in May and June, 2013, requesting transfer packets for 40 general population inmates for transfer to the Menard facility. She encouraged Hodge to target inmates having "adjustment issues," meaning those who have received disciplinary reports (Doc. No. 103-2, p. 2; Doc. No. 134-10). She also encouraged Hodge to identify inmates that did "not have ongoing medical issues (holds)" (Doc. No. 134-10).

Director Godinez was not involved in the approval of individuals for transfer to Menard in June, 2013 (Doc. No. 103-2, p. 2). Generally, transfer packets are initiated at the facility and approved by the transfer coordinator in Springfield (Doc. No. 134-1, pp. 32-33). Couch was reclassified along with the transfer (Doc. No. 117-5, p. 44). His transfer and reclassification to place in June, 2013, at about the same time his multiple grievances were being processed or reviewed by Hodge and others (Doc. No. 117-2, p. 17; 117-5, pp. 34-35; Doc. No. 117-2, pp. 34-35).

These facts could not reasonably link Defendants Godinez or Martin to retaliatory conduct in the form of a transfer. However, while there is no direct evidence that Hodge reclassified Couch or added his name to the transfer list because he was perceived as a complainer, the circumstances permit a reasonable inference that Hodge was personally involved in the transfer process and may have harbored a retaliatory motive due to Couch's numerous recent grievances. Therefore, summary judgment on Count 4 is warranted only in favor of Defendants Godinez and Martin.

### III. Qualified Immunity

Finally, the defendants argue that they are entitled to qualified immunity as to Plaintiff's § 1983 claim. In deciding whether a defendant is entitled to qualified immunity on a § 1983 claim, the Court considers (1) whether the defendant violated plaintiff's constitutional rights and (2) whether that right was clearly established at the time of the violation. *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). As previously noted, evidence in the record creates genuine issue of facts regarding Couch's Eighth Amendment deliberate indifference claims against Hodge and Martin and his First Amendment retaliation claim against Hodge. Further, as articulated, Couch's constitutional rights under both the Eighth and First Amendments were well established in 2013. Accordingly, Defendants Hodge and Martin are not entitled to summary judgment on this issue.

### IV. Conclusion

The Motion for Summary Judgment filed by Defendants Salvador Godinez, Kim Butler, Marc Hodge and Phil Martin (Doc. No. 102) is **GRANTED in part and DENIED in part**. The official capacity claim against Kim Butler (as successor to Richard Harrington) is **DISMISSED**. At the conclusion of this case, judgment will be entered against Plaintiff Stephen Couch and in favor of Defendant Salvador Godinez on Counts 3 and 4. At the conclusion of this case, judgment will also be entered against Plaintiff Stephen Couch and in favor of Defendant Phil Martin on Count 4. The Clerk is directed to terminate Richard Harrington, Kim Butler, and Salvador Godinez from this case.

**DATED: April 18, 2016 .**

**s/ Staci M. Yandle**
**STACI M. YANDLE**
**UNITED STATES DISTRICT JUDGE**